## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BICENT HOLDINGS LLC, *et al.*,[1] | : | Case No.  12-11304 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | |

---------------------------------------------------------------- x

### GLOBAL NOTES TO DEBTORS' SCHEDULES OF ASSETS AND
### LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

Bicent Holdings LLC ("Bicent"), Bicent R.F. LLC, Bicent Funding LLC, Bicent Power LLC, Colorado Energy Management, LLC, CEM Energy Services, Inc., Colorado Cogen Operators, LLC, San Joaquin Cogen, L.L.C., Rocky Mountain Power, LLC, Hartwell, LLC, Hartwell Power Company, Hartwell Independent Power Partners, LLC, and Hart County IPP, LLC (each a "Debtor" and collectively, the "Debtors") submit their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure.  The Schedules and Statements prepared by the Debtors as of April 23, 2012 (the "Petition Date") and for the period from January 1, 2012 to April 23, 2012 are unaudited and were prepared from a variety of different sources available to the Debtors with such data to provide a cut-off as near as possible to the Petition Date.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the Debtors' financial statements (whether publicly filed or otherwise).   While the Debtors' management has exercised reasonable best efforts to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, inadvertent errors or omissions may exist.  Accordingly, the Debtors reserve the right to amend the Schedules and Statements from time to time as may be necessary or appropriate and will do so as necessary.  These global notes (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Bicent Holdings LLC (9347); Bicent R.F. LLC (8269); Bicent Funding LLC (2270); Bicent Power LLC (8567); Colorado Energy Management, LLC (8296); CEM Energy Services, Inc. (9642); Colorado Cogen Operators, LLC (3737); San Joaquin Cogen, L.L.C. (8299); Rocky Mountain Power, LLC (7088); Hartwell, LLC (N/A); Hartwell Power Company (5414); Hartwell Independent Power Partners, LLC (7195); Hart County IPP, LLC (7194).  The Debtors' mailing address is 2575 Park Lane, 2nd Floor, Lafayette, Colorado 80026.

The Schedules and Statements have been signed by Christopher L. Ryan, who serves as Chief Financial Officer of Bicent Holdings LLC.  In reviewing and signing the Schedules and Statements, Mr. Ryan has necessarily relied upon the efforts, statements and representations of the Debtors' personnel and professionals.  Mr. Ryan has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including, without limitation, any issues involving substantive consolidation, equitable subordination, offsets or defenses, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or otherwise.

## Summary of Significant Reporting Policies

1.    <u>Amendments and Supplements</u>.  While the Debtors made reasonable and good faith efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary and appropriate.

2.    <u>Bankruptcy Court Orders</u>.  Pursuant to various orders entered by the Bankruptcy Court (collectively, the "<u>Prepetition Payment Orders</u>"), the Debtors were authorized to pay certain outstanding prepetition claims, including, without limitation, certain claims of employees for wages, salaries and benefits, certain tax claims, and certain claims of critical vendors.  The prepetition obligations that have been paid pursuant to the Prepetition Payment Orders have not been listed in the Schedules.  However, despite the Debtors' good faith efforts to account for the satisfaction of such claims pursuant to the Prepetition Payment Orders, whether in whole or in part, the claims listed in the Schedules may not reflect application of all amounts paid pursuant to the Prepetition Payment Orders, as such claims were unpaid as of the Petition Date.   Moreover, to the extent such claims are listed on the Schedules and Statements, inadvertently or otherwise, the Debtors do not waive any right to amend the Schedules and Statements and/or subsequently object to such claims on any basis, including on the basis that such claims have already been satisfied through payments in accordance with one or more of the Prepetition Payment Orders.

3.    <u>Claims Description</u>.  The Debtors reserve the right to dispute, or to assert offset, setoff rights, counterclaims or defenses to, any claim reflected on the Schedules and/or Statements as to amount, liability or classification.  The Debtors also reserve all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in their Schedules and Statements.   Any failure to designate a claim listed on the Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated," and the Debtors reserve the right to subsequently designate any claim as "disputed," "contingent" or "unliquidated".  Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts.  Further, the claims of individual creditors for, among other things, goods, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect

credits or allowances due from such creditors to the Debtors.  The Debtors reserve all of their rights with respect to any such credits and allowances.

4.    <u>Classifications</u>.  Listing a claim or contract (a) on Schedule D as "secured," (b) on Schedule F as "unsecured," or (c) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to re-characterize or reclassify such claim or contract or an admission by the Debtors that any contract or lease is executory or unexpired.

5.    <u>Causes of Action</u>.  Despite reasonable good faith efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements.  The Debtors reserve all rights with respect to any causes of action they may have against third parties, whether or not such causes of action are or are not listed as assets in their Schedules and Statements, and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.  Similarly, in instances where the Debtors are defendants in pending causes of action, nothing in the Global Notes or the Schedules and Statements shall be deemed as an admission or determination with respect to, or a waiver of any defense or objection to, such causes of action, and all of the Debtors' defenses, objections, and other rights with respect to such causes of action are hereby preserved.

6.    <u>Schedules and Statements Reflect Book Value</u>.  As it would be expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests, unless otherwise noted, the carrying value on the Debtors' books (*i.e.*, book value), rather than the current market values, of the Debtors' interests in property and of the Debtors' liabilities, is reflected in the Debtors' Schedules and Statements.  Market values of these assets may vary, at some times materially, from the book value of such assets. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.

7.    <u>Estimates and Assumptions</u>.  In preparing the Schedules and Statements, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosure of potential values of assets and liabilities on the date of the Schedules and Statements and the reported amounts of revenues and expenses during the reporting period.  Actual results could differ from those estimates, perhaps materially.

8.    <u>Executory Contracts and Unexpired Leases</u>.  The Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth on Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims; the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.

9.    <u>Intellectual Property Rights</u>.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been

01:12110345.9

abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the particular Debtor that is the rightful owner of such intellectual property, however, in some instances, intellectual property identified as being owned by one Debtor may, in fact, be owned by another Debtor. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

10. _Intercompany Accounts/Claims_. The Debtors utilize a consolidated cash management system. The Debtors manage the cash within the cash management system by transferring funds among bank accounts, as needed, disbursing funds through a concentrated account and debiting and crediting intercompany accounts. The Debtors maintain accounting records of the daily cash transactions between and among the Debtors. Thus, the Debtors' debits and credits are known and recorded. However, given the volume of such transactions, it would be unduly burdensome for the Debtors to separately identify each of these transactions for purposes of the Statements or Schedules B and F, but a summary of intercompany account balances is included in the Schedules. The Debtors reserve all rights with respect to claims against and debts owed to other Debtors.

11. _Insiders_. For purposes of the Schedules and Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; and (d) relatives of the Debtors' directors, officers or persons in control of the Debtors. Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

12. _Liabilities_. The Debtors allocated liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change. The Debtors reserve all rights to modify, amend, and supplement the Schedules and Statements as is necessary and appropriate.

13. _Accruals/Unvouchered Payables_. The Debtors have made every reasonable attempt to list all accruals and unvouchered payables in their Schedules.

01:12110345.9

14.    <u>Materialman's/Mechanics' Liens</u>.    The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

15.    <u>Petition Date</u>.  Financial information for the Debtors is, unless otherwise noted herein or in the Schedules and Statements, provided as of the Petition Date.

16.    <u>Entity Classification Issues</u>.  The Debtors have endeavored in good faith to identify the assets owned by each Debtor and the liabilities owed by each Debtor.  While the Schedules reflect the results of this effort, several factors may impact the ability of the Debtors precisely to assign assets and liabilities to particular Debtor entities, including, but not limited to, (a) certain liabilities may be in the name of one of the Debtors, but are actually owed by a third party pursuant to operation and maintenance agreements; (b) certain assets may be primarily used by a Debtor other than the entity which holds title to such assets according to the Debtors' books and records; (c) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have been actually incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor; (d) certain creditors of the Debtors may have treated one or more of the Debtors as a consolidated entity rather than differentiated entities; and (e) the impact of the Debtors' cash management system, described in paragraph 10 above.

17.    <u>Property and Equipment</u>.  Unless otherwise noted, owned property and equipment are stated at net book value.  Depreciation and amortization are provided principally on the straight-line method over a period of twenty to thirty years for plant equipment and buildings.  Other depreciable assets are depreciated over a period of three to ten years. Leasehold improvements are depreciated over the lesser of the life of the asset or the real estate lease term.

18.    <u>Confidentiality</u>.  Addresses of individuals are generally not included in the Schedules and Statements.  The Debtors will mail any required notice or other documents to the address listed in their books and records for such individuals.  Additionally, individual names, other than insiders, have been reported in summary form in the Schedules and Statements.

19.    <u>Global Notes Control</u>.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

In addition to the foregoing, the following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

<u>**Specific Disclosures Regarding Schedules and Statements**</u>

1.    <u>Schedule A</u>:  The Debtors have listed the value of their real estate at the net book value assigned to such real estate in the Debtors' books and records.  This amount may be materially different from the fair market value of such real estate.

2.    <u>Schedule B</u>:  All values set forth in Schedule B reflect the book value of the Debtors' assets as of the Petition Date.

a.      Schedule B9 – Insurance Policies:  The Debtors maintain certain insurance policies essential to continued operations.  The terms of these policies are characteristic of insurance policies typically maintained by corporate entities that are similar in size and nature to the company.  The Debtors' insurance policies generally are structured to provide coverage for many of Bicent's direct and indirect subsidiaries and affiliates, including the Debtors.  The Debtors maintain various policies of insurance, including, but not limited to, property, casualty, motor vehicles, workers' compensation, general liability, employer's practices liabilities and director and officer liability.

b.      Schedule B13 – Stocks and Interests in Business:  The equity interests listed on Schedule B13 arise from common stock ownership interests and limited liability corporation memberships.  For purposes of the Schedules and Statements, the Debtors have listed the value of such ownership interests as undetermined, because the fair market value of such ownership interests is dependent on numerous variables and factors and may differ significantly from the net book value.  Schedule B13 only includes stocks and interests directly held by the applicable Debtor.

c.      Schedule B16 –  Accounts Receivable:  The Commodity Swap receivable listed on Schedule B16 of Bicent Power LLC represents revenue earned under the Commodity Swap by Bicent Power LLC for the period from April 1, 2012 to the Petition Date.

d.      Schedules B18 & B21 – Other Liquidated Debts/Claims:  The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment or forfeiture of such claim.

e.      Schedule B22 – Patents, Copyrights and Intellectual Property:  The Debtors have listed various intellectual property.  Certain of this intellectual property may not be transferrable and, therefore, may have no market value, although it does have value to the Debtors because it is necessary to operate the Debtors' businesses.  Nothing herein or in the Schedules and Statements shall be construed as an admission or acknowledgement by the Debtors that any particular intellectual property is not transferrable either pursuant to its terms or pursuant to the provisions of the Bankruptcy Code or has no market value, and the Debtors reserve all rights with respect to any such issues.

f.      Schedule B23 – Licenses:  The Debtors have not included operating licenses and permits.

g. <u>Schedule B28, B29, B30 – Office Equipment, Furnishing and Supplies, Machinery, Fixtures, Equipment, and Supplies Used in Business, and Inventory</u>: The Debtors have provided categorical listings of those assets maintained in the Debtors' books and records in the ordinary course of business, and corresponding aggregate book values for such assets.

3. <u>Schedule D</u>

a. Except as otherwise agreed in accordance with a stipulation or agreed order or any other order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the extent, validity, perfection or immunity from avoidance of any lien purported to be granted to, or perfected in any specific asset by, a secured creditor listed on Schedule D.

b. Holders of secured claims by virtue of holding setoff rights against the Debtors or leasing equipment of the Debtors are not included on Schedule D. Lessors, utility companies and other parties which may hold security deposits also have not been listed in Schedule D.

c. Bicent Power LLC, as borrower, Bicent Funding LLC and the subsidiary guarantors named therein, as guarantors, the lenders party thereto and Barclays Bank PLC ("<u>Barclays</u>"), as collateral agent and administrative agent, are parties to the First Lien Credit Agreement dated as of July 10, 2007 (the "<u>First Lien Credit Agreement</u>").

d. Bicent Power LLC, as borrower, Bicent Funding LLC and the subsidiary guarantors named therein, as guarantors, the lenders party thereto and U.S. Bank National Association, as successor collateral agent and administrative agent, are parties to the Second Lien Credit Agreement dated as of July 10, 2007 (the "<u>Second Lien Credit Agreement</u>").

e. In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of an affiliate, and no claim scheduled on Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

f. After the Petition Date, on May 14, 2012, Barclays Bank PLC terminated the Swap Agreements listed on Schedule D. On May 16, 2012, Barclays issued a statement to the Debtors (the "<u>Calculation Statement</u>"), reflecting an aggregate amount of $2,557,767.12 (after netting and setoff) owing by Barclays to

Bicent Power as a result of the early termination of the Barclays Swap Agreements. On the same day, Barclays remitted $2,557,767.12 in cash to the Company. This amount remains in dispute.

g.    The descriptions provided are intended only to be a summary. Reference to the applicable documents giving rise to any security interest is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing herein shall be deemed a modification or interpretation of the terms of such agreements.

4.    Schedule E

a.    The Debtors have authority to pay certain prepetition obligations, including authority to pay employee wages and benefits in the ordinary course of business pursuant to Court order (the "Employee Wage Order"). Pursuant to the Employee Wage Order, the Debtors believe that any employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as priority or non-priority claims, have been or will be satisfied, and such satisfied amounts have not been listed on Schedule E.

b.    The Debtors also have received authority to pay certain taxes, including, but not limited to, sales, use, income and property taxes pursuant to Court order (the "Taxes Order"). Pursuant to the Taxes Order, the Debtors believe that any claims on account of such taxes have been or will be satisfied. Out of an abundance of caution and in an effort to provide notice to all holders of priority tax claims, the Debtors have listed all potential holders of priority tax claims on Schedule E. The listing of a taxing authority on a Debtor's Schedule E is not an acknowledgement that such taxing authority holds a valid claim against a particular Debtor or that a particular tax claim is entitled to priority under 11 U.S.C. § 507(a)(8) or otherwise.

c.    The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507. The Debtors reserve the right to take the position that any claim listed on Schedule E is not entitled to priority.

5.    Schedule F

a.    The claims listed on Schedule F reflect the amounts owed as of the Petition Date and may not reflect any payments authorized to be

8

made to certain vendors pursuant to the Prepetition Payment Orders.  The Debtors reserve the right to assert that claims satisfied during the administration of these cases should be reduced accordingly.

b.      The Bankruptcy Court has approved the payment of certain unsecured pre-petition claims, including, without limitation, certain claims of critical vendors and vendors holding administrative priority claims.  While the Debtors have made every effort to accurately reflect such claims and payments in Schedule F, some payments and claims may not have been properly accounted for.

c.      Schedule F also reflects the prepetition amounts owed to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.   Schedule F does not include additional rejection damages claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected as of or after the Petition Date.

d.      The claims of creditors for, among other things, parts, goods and services are listed in the Debtors' books and records and may not reflect credits or allowances due from such creditor.  The Debtors reserve all of their rights respecting such credits and allowances. The amounts listed may be exclusive of contingent and unliquidated amounts.

e.      The Debtors expressly incorporate by reference into Schedules F all parties to pending and potential litigation listed in 4(a) of the Debtors' Statements as contingent, unliquidated and disputed claims, to the extent not already listed on Schedule F.

f.      The Debtors accrue a bonus expense liability in the ordinary course of business, which is discretionary and may be paid annually. As a determination to pay will not be made until calendar year 2013, such claim is not listed on Schedule F.

6.      Schedule G

a.      While reasonable best efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.   The Debtors may have listed certain agreements on Schedule G that are not "executory contracts," as that term is used in the Bankruptcy Code, and the Debtors reserve the right to argue

that any agreement listed on Schedule G is not an "executory contract" notwithstanding its inclusion on Schedule G.

b. The Debtors hereby reserve all rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

c. Omission of a contract, agreement or lease from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contract, agreement or lease are not impaired by their omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

d. The contracts, agreements and leases listed on Schedule G may have expired or may have been rejected, terminated, assigned, modified, amended and/or supplemented from time to time by various amendments, change orders, purchase orders, work orders, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the agreements listed on Schedule G may be in the nature of secured financings, and the inclusion of such on Schedule G is not an admission that the agreement is an executory contract, financing agreement or otherwise.

7. <u>SOFA Question 3b</u>:  Payments are listed by the entity making such payment, notwithstanding that certain payments may have been made on behalf of another entity. As described above, the Debtors utilize an integrated cash management system.

a. Intercompany cash management transfers among Debtors are not represented in the Debtors' responses to Question 3b.

b. The Debtors have excluded ordinary course third-party and employee reimbursable expenses from Question 3b.

8. <u>SOFA Question 3c</u>:

a. Intercompany cash management transfers among Debtors are not represented in the Debtors' responses to Question 3c.

     b.     The Debtors have excluded ordinary course third-party and employee reimbursable expenses from Question 3b.

     c.     The Debtors do not believe that the employees of the Debtors with the title "vice president," "senior vice president," or "plant manager" constitute "insiders" within the meaning of section 101(31) of the Bankruptcy Code.

9.     <u>SOFA Question 4</u>:  The Debtors have made every effort to include on Exhibit 4 a complete list of all suits and proceedings to which the Debtors were a party within the one year immediately preceding the Petition Date.  To the extent the Debtors become aware that they have omitted any suits or proceedings, they will amend their Statements.

10.     <u>SOFA Question 9</u>:  The obligations of the Debtors responsive to this question are paid by and through Bicent Power LLC.  Accordingly, the payments related to debt counseling or bankruptcy appear only in the response to Question 9 of Bicent Power LLC.

11.     <u>SOFA Question 14</u>: In the ordinary course of their business, the Debtors lease equipment from certain third-party lessors for use in the daily operation of their business and otherwise hold property owned by third parties pursuant to agreements with such parties. Any such leases or contracts are set forth in Schedule G.  The property subject to any of such agreements is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtors.  Neither is the property subject to any such agreements reflected in the Statements as property or assets of third parties within the control of the Debtors.  Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including, but not limited to, whether any lease is a true lease or a financing arrangement) or contract (including, but not limited to, whether the contract is, in fact, an executory contract), and the Debtors reserve all rights with respect to any of such issues.

12.     <u>SOFA Question 17</u>:  The Debtors have disclosed both suggestions of potential liability asserted by governmental agencies and known environmental violations since ownership commenced in July 2007.

13.     <u>SOFA Question 19b</u>:  In addition to the entities listed, the Debtors provide financial statements to vendors and governmental agencies upon request.

14.     <u>SOFA Question 23</u>:  The response to Statement Question 3c is incorporated by reference into the response to Statement Question 23.

15.     <u>SOFA Question 24</u>:  All but two Debtor entities are filed in a consolidated tax return under non-Debtor Bicent Prime Holdings, LLC, on Form 1065, I.D. #80-0339965. CEM Energy Services, Inc. (I.D.# 76-0789642) and Hartwell Power Company (I.D.# 76-0545414) are corporations and each file their own Form 1120.

01:12110345.9

The Debtors, their officers, employees, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized. The Debtors, on behalf of themselves, their officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

* * * END OF GLOBAL NOTES * * *

01:12110345.9

## UNITED STATES BANKRUPTCY COURT

In re:  Bicent Power LLC                                                                Case No. 12-11307
                                                                                        (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates;

---

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $8,883,080.00 | YTD 2012 |
| $23,669,524.00 | FYE 2011 |
| $1,550,871.00 | FYE 2010 |

---

### 2. Income other than from employment or operation of business

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

| | |
|---|---|
| $125.05 | YTD 2012 |
| $480.94 | FYE 2011 |
| $371.07 | FYE 2010 |

## 3. Payments to creditors

None ☑ a.  Individual or joint debtor(s) with primary consumer debts:  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

None ☐ b.  Debtor whose debts are not primary consumer debts:  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,850. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| SEE EXHIBIT 3B | | | |

None ☐ c.  All debtors:  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| SEE EXHIBIT 3C | | | |

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| CENTENNIAL ENERGY HOLDINGS, INC. AND CENTENNIAL ENERGY RESOURCES LLC V. COLORADO ENERGY MANAGEMENT, LLC AND BICENT POWER LLC CASE NUMBER: 651926/2010 | BREACH OF CONTRACT & COMMON LAW INDEMNIFICATION | NEW YORK STATE SUPREME COURT | PENDING |

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5. Repossessions, foreclosures and returns

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None ☑ a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None ☐ List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| LEGAL AID SOCIETY BENEFIT OFFICE 156 FIFTH AVENUE, SUITE 1100 NEW YORK, NY 10010 | THIRD PARTY | 5/9/2011 | CASH - $10,000 |

**8. Losses**

None
☑

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| EPIQ BANKRUPTCY SOLUTIONS LLC 757 THIRD AVE 3RD FLOOR NEW YORK, NY 10017 | 3/30/2012 | $25,000.00 |
| EPIQ BANKRUPTCY SOLUTIONS LLC 757 THIRD AVE 3RD FLOOR NEW YORK, NY 10017 | 4/12/2012 | $6,376.00 |
| MOELIS & COMPANY LLC 399 PARK AVENUE 5TH FLOOR NEW YORK, NY 10022 | 9/2/2011 | $106,032.38 |
| MOELIS & COMPANY LLC 399 PARK AVENUE 5TH FLOOR NEW YORK, NY 10022 | 1/30/2012 | $112,634.77 |
| MOELIS & COMPANY LLC 399 PARK AVENUE 5TH FLOOR NEW YORK, NY 10022 | 3/1/2012 | $102,404.88 |
| MOELIS & COMPANY LLC 399 PARK AVENUE 5TH FLOOR NEW YORK, NY 10022 | 3/30/2012 | $108,709.11 |
| MOELIS & COMPANY LLC 399 PARK AVENUE 5TH FLOOR NEW YORK, NY 10022 | 4/12/2012 | $100,901.18 |

| | | |
|---|---|---|
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON 1285 AVENUE OF THE AMERICAS NEW YORK, NY 10019 | 3/26/2012 | $741,599.78 |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON 1285 AVENUE OF THE AMERICAS NEW YORK, NY 10019 | 4/16/2012 | $634,508.56 |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON 1285 AVENUE OF THE AMERICAS NEW YORK, NY 10019 | 4/20/2012 | $25,000.00 |
| YOUNG CONAWAY STARGATT & TAYLOR 1000 NORTH KING STREET WILMINGTON, DE 19801 | 2/1/2012 | $150,000.00 |
| YOUNG CONAWAY STARGATT & TAYLOR 1000 NORTH KING STREET WILMINGTON, DE 19801 | 3/2/2012 | $180,969.70 |
| YOUNG CONAWAY STARGATT & TAYLOR 1000 NORTH KING STREET WILMINGTON, DE 19801 | 3/26/2012 | $146,033.25 |
| YOUNG CONAWAY STARGATT & TAYLOR 1000 NORTH KING STREET WILMINGTON, DE 19801 | 4/12/2012 | $175,760.72 |
| YOUNG CONAWAY STARGATT & TAYLOR 1000 NORTH KING STREET WILMINGTON, DE 19801 | 4/16/2012 | $50,000.00 |
| YOUNG CONAWAY STARGATT & TAYLOR 1000 NORTH KING STREET WILMINGTON, DE 19801 | 4/20/2012 | $50,000.00 |

## 10. Other transfers

None ☐

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| BICENT (CALIFORNIA) POWER LLC 103 N. WASHINGTON STREET EASTON, MD 21601 | 2/29/2012 | COMPANY VEHICLE - $56,536.00 |

None b.  List all other property transferred by the debtor within ten years immediately preceding the commencement of this case to
☑     a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OR TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

## 11. Closed financial accounts

None  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed,
☐     sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking,
savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks,
credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors
filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or
both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| BANK OF AMERICA P.O. BOX 15731 WILMINGTON, DE 19886 | CERTIFICATE OF DEPOSIT - 2244 Final Balance: $100,227.10 | 100,227.10 3/8/2012 |

## 12. Safe deposit boxes

None  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one
☑     year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must
include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated
and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

## 13. Setoffs

None  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the
☑     commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

## 14. Property held for another person

None  List all property owned by another person that the debtor holds or controls.
☑

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None
☐

If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 103 N. WASHINGTON STREET EASTON, MD 21601 | BICENT POWER LLC | 7/2007 - 12/2011 |
| 46-48 MARYLAND AVE SUITE 400 ANNAPOLIS, MD 21401 | BICENT POWER LLC | 4/2010 - 12/2011 |
| 575 BROADWAY NEW YORK, NY 10012 | BICENT POWER LLC | 7/2007 - 12/2011 |

**16. Spouses and Former Spouses**

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☑

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENT UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☑

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENT UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☑

c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENT UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18. Nature, location and name of business**

None ☐ a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case. If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case. If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR INDIVIDUAL TAXPAYER-ID NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| CENTENNIAL POWER, LLC | 61-1537087 | 2575 PARK LANE SUITE 200 LAFAYETTE, CO 80026 | 100% WHOLLY OWNED SUBSIDIARY | 7/10/2007 - CURRENT |
| COLORADO ENERGY MANAGEMENT, LLC | 75-3248296 | 2575 PARK LANE SUITE 200 LAFAYETTE, CO 80026 | 100% WHOLLY OWNED SUBSIDIARY | 6/27/2007 - CURRENT |
| SAN JOAQUIN COGEN, LLC | 75-3248299 | 2575 PARK LANE SUITE 200 LAFAYETTE, CO 80026 | 100% WHOLLY OWNED SUBSIDIARY | 6/28/2007 - CURRENT |

---

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☐ a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATE SERVICES RENDERED |
|---|---|
| C. RYAN 103 N. WASHINGTON STREET EASTON, MD 21601 | 07/2007 - CURRENT |

D. STEWART                                          07/2007 - CURRENT
103 N. WASHINGTON STREET
EASTON, MD 21601

---

None   b.   List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have
☐           audited the books of account and records, or prepared a financial statement of the debtor.

NAME                        ADDRESS                      DATE SERVICES RENDERED

DELOITTE & TOUCHE LLP        555 17TH ST, SUITE 3600      2010 - 2011
                            DENVER, CO 80202

---

None   c.   List all firms or individuals who at the time of the commencement of this case were in possession of the books of account
☐           and records of the debtor. If any of the books of account and records are not available, explain.

NAME                        ADDRESS

D. STEWART                   103 N. WASHINGTON STREET
                            EASTON, MD 21601

---

None   d.   List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial
☐           statement was issued within the two years immediately preceding the commencement of this case by the debtor.

NAME AND ADDRESS                                        DATE ISSUED

BARCLAYS BANK PLC                                        QUARTERLY UNAUDITED
745 7TH AVENUE                                          FINANCIALS
NEW YORK, NY 10019

BARCLAYS BANK PLC                                        ANNUAL AUDITED FINANCIALS
745 7TH AVENUE
NEW YORK, NY 10019

U.S. BANK                                               QUARTERLY UNAUDITED
214 N. TRYON STREET                                     FINANCIALS
26TH FLOOR
CHARLOTTE, NC 28202

---

**20. Inventories**

None   a.   List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each
☑           inventory, and the dollar amount and basis of each inventory.

                                                        DOLLAR AMOUNT OF INVENTORY
DATE OF INVENTORY          INVENTORY SUPERVISOR          (Specific cost, market or other basis)

---

None   b.   List the name and address of the person having possession of the records of each of the two inventories reported in a.,
☑           above.

                            NAME AND ADDRESSES OF CUSTODIAN OF
DATE OF INVENTORY          INVENTORY RECORDS

---

**21. Current Partners, Officers, Directors and Shareholders**

None   a.   If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
☑

---

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐    b.    If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| BICENT FUNDING LLC<br>2575 PARK LANE<br>SUITE 200<br>LAFAYETTE, CO 80026 | PARENT COMPANY | 100% |
| P. PRAGER<br>103 N. WASHINGTON STREET<br>EASTON, MD 21601 | CHAIRMAN | N/A |
| D. HALLIDAY<br>103 N. WASHINGTON STREET<br>EASTON, MD 21601 | CHIEF EXECUTIVE OFFICER | N/A |
| C. RYAN<br>103 N. WASHINGTON STREET<br>EASTON, MD 21601 | CHIEF FINANCIAL OFFICER | N/A |
| N. KHAN<br>103 N. WASHINGTON STREET<br>EASTON, MD 21601 | SENIOR VICE PRESIDENT | N/A |

## 22. Former partners, officers, directors and shareholders

None ☑    a.    If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☑    b.    If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

## 23. Withdrawals from a partnership or distributions by a corporation

None ☐    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT,  RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| SEE SOFA QUESTION 3C | | |

**24. Tax Consolidation Group**

None ☑  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION               TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds**

None ☑  If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

NAME OF PENSION FUND               TAXPAYER IDENTIFICATION NUMBER (EIN)

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____   Signature of   _____
                         Debtor

Date _____   Signature     _____
                         of Joint Debtor
                         (if any)

* * * * * * * * * * * * * * *

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  June 07, 2012   Signature  _____

                      Print Name   Christopher L. Ryan
                      and Title    Chief Financial Officer

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

## Statement of Financial Affairs - Exhibit 3b

## Bicent Power LLC   12-11307

| Claimant | Check Date | Check Amount |
|---|---|---|
| AFN ASSOCIATES P.C.<br>122 E. 42ND STREET<br>NEW YORK, NY  10168 | 02/01/2012 | $27,500.00 |
| | 02/09/2012 | $27,500.00 |
| | 02/28/2012 | $55,000.00 |
| | 03/14/2012 | $1,848.45 |
| | 03/28/2012 | $55,000.00 |
| | 04/12/2012 | $192,500.00 |
| | | **$359,348.45** |
| BANK OF AMERICA<br>PO BOX 15731<br>WILMINGTON, DE  19886 | 02/06/2012 | $21,342.33 |
| | 02/15/2012 | $1,732.80 |
| | 02/28/2012 | $7,213.13 |
| | | **$30,288.26** |
| BARCLAYS BANK-CLAD CONTROL ACC<br>BARCLAYS BANK PLC<br>745 7TH AVENUE<br>NEW YORK, NY  10019 | 02/27/2012 | $111,617.97 |
| | | **$111,617.97** |
| BERNER CLAIMS CONSULTING, LLC<br>14 RIDGEDALE AVE<br>SUITE 257<br>CEDAR KNOLLS, NJ  07927 | 04/23/2012 | $50,000.00 |
| | | **$50,000.00** |
| BRYAN CAVE HRO LLP<br>1700 LINCOLN STREET,<br>SUITE 4100,<br>DENVER, CO  80203 | 01/30/2012 | $2,374.65 |
| | 03/01/2012 | $950.50 |
| | 03/30/2012 | $3,615.00 |
| | 04/12/2012 | $2,903.40 |
| | | **$9,843.55** |
| CH2MHILL<br>PO BOX 201869<br>DALLAS, TX  75320-1869 | 04/12/2012 | $24,180.00 |
| | | **$24,180.00** |
| CHADBOURNE & PARKE LLP<br>125 E. JOHN CARPENTER FREEWAY, SUITE 200<br>IRVING, TX  75062 | 01/30/2012 | $11,520.55 |
| | | **$11,520.55** |
| COOLEY LLP<br>101 CALIFORNIA,<br>5TH FLOOR<br>SAN FRANCISCO, CA  94111 | 04/12/2012 | $500,000.00 |
| | | **$500,000.00** |
| CORPORATE TRUST AGENCY<br>BNY MELLON<br>101 BARCLAY STREET, FL 8W<br>NEW YORK, NY  10286 | 03/27/2012 | $27,000.00 |
| | | **$27,000.00** |
| DELOITTE & TOUCHE LLP<br>555 SEVENTEENTH STREET,<br>SUITE 3600<br>DENVER, CO  80202-3942 | 02/01/2012 | $151,105.00 |
| | 04/12/2012 | $90,720.00 |
| | | **$241,825.00** |
| EPIQ BANKRUPTCY SOLUTIONS LLC<br>757 THIRD AVE<br>3RD FLOOR<br>NEW YORK, NY  10017 | 03/30/2012 | $25,000.00 |
| | 04/12/2012 | $6,376.00 |
| | | **$31,376.00** |
| FIDELITY INVESTMENTS INSTITUTE<br>P.O. BOX 73307<br>CHICAGO, IL  60673 | 02/16/2012 | $5,625.00 |
| | 02/16/2012 | $5,625.00 |
| | 03/26/2012 | $812.50 |
| | | **$12,062.50** |

**Statement of Financial Affairs - Exhibit 3b**

**Bicent Power LLC   12-11307**

| Claimant | Check Date | Check Amount |
|---|---|---|
| GUILTINAN ADVISORY SERVICES | 02/01/2012 | $20,000.00 |
| 3 MACDOUGALL CT | 02/09/2012 | $20,000.00 |
| CHESTER, NJ  07930 | 02/28/2012 | $40,000.00 |
| | 03/01/2012 | $1,959.46 |
| | 03/28/2012 | $40,000.00 |
| | 03/30/2012 | $545.00 |
| | 04/12/2012 | $140,000.00 |
| | | **$262,504.46** |
| HOLLAND & HART LLP | 02/27/2012 | $25,000.00 |
| 555 17TH STREET #3200 | 04/16/2012 | $22,561.53 |
| DENVER, CO  80202 | | |
| | | **$47,561.53** |
| INVENTA GROUP INC. | 02/01/2012 | $195,000.00 |
| 15 EAST 40TH STREET, SUITE 500 | 02/13/2012 | $3,100.00 |
| NEW YORK, NY  10016 | 02/28/2012 | $2,900.00 |
| | 03/02/2012 | $7,900.00 |
| | 03/14/2012 | $3,600.00 |
| | 03/20/2012 | $3,500.00 |
| | 04/04/2012 | $4,200.00 |
| | | **$220,200.00** |
| MCKENNA LONG & ALDRIDGE | 04/16/2012 | $9,834.00 |
| 230 PARK AVENUE | | **$9,834.00** |
| 17TH FLOOR | | |
| NEW YORK, NY  10169 | | |
| MILBANK,TWEED,HADLEY & MCCLOY | 02/27/2012 | $225,000.00 |
| 1 CHASE MANHATTAN PLZ | 04/17/2012 | $1,214,152.13 |
| NEW YORK, NY  10005 | | |
| | | **$1,439,152.13** |
| MOELIS & COMPANY LLC | 01/30/2012 | $112,634.77 |
| 399 PARK AVENUE, | 03/01/2012 | $102,404.88 |
| 5TH FLOOR | 03/30/2012 | $108,709.11 |
| NEW YORK, NY  10022 | 04/12/2012 | $100,901.18 |
| | | **$424,649.94** |
| MORRIS, NICHOLS, ARSHT & TUNNEL | 04/16/2012 | $16,463.66 |
| 1201 NORTH MARKET STREET, 18TH FLOOR | | **$16,463.66** |
| P.O. BOX 1347 | | |
| WILMINGTON, DE  19899-1347 | | |
| NORTH WESTERN ENERGY | 04/12/2012 | $140,218.66 |
| 40 EAST BROADWAY ST | | **$140,218.66** |
| BUTTE, MT  59701 | | |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | 02/14/2012 | $500,000.00 |
| 1285 AVENUE OF THE AMERICAS | 03/26/2012 | $741,599.78 |
| NEW YORK, NY  10019 | 04/16/2012 | $634,508.56 |
| | 04/20/2012 | $25,000.00 |
| | | **$1,901,108.34** |
| PERELSON WEINER LLP | 03/01/2012 | $69,500.00 |
| ONE DAG HAMMARSKJOLD PLAZA | 03/30/2012 | $12,430.00 |
| NEW YORK, NY  10017-2286 | | |
| | | **$81,930.00** |

**Statement of Financial Affairs - Exhibit 3b**

**Bicent Power LLC   12-11307**

| Claimant | Check Date | Check Amount |
|---|---|---|
| RELIABLE VERSATILE MANAGEABLE<br>40 RECTOR STREET<br>17TH FLOOR<br>NEW YORK, NY  10006 | 02/13/2012<br>03/30/2012 | $25,000.00<br>$19,879.14 |
| | | **$44,879.14** |
| RICHARDS, LAYTON & FINGER<br>1105 N MARKET STREET<br>13 FLOOR<br>WILMINGTON, DE  19890 | 04/12/2012 | $46,750.67 |
| | | **$46,750.67** |
| RPA ADVISORS<br>45 EISENHOWER DRIVE<br>PARAMUS, NJ  07652 | 02/27/2012<br>04/17/2012 | $150,000.00<br>$285,847.87 |
| | | **$435,847.87** |
| THE BANK OF NEW YORK<br>101 BARCLAY STREET<br>8TH FLOOR<br>NEW YORK, NY  10286 | 04/16/2012 | $10,000.00 |
| | | **$10,000.00** |
| UTOG 2 WAY RADIO INC.<br>25-20 39TH AVENUE<br>LONG ISLAND, NY  11101 | 02/06/2012 | $6,079.45 |
| | | **$6,079.45** |
| VAN NESS FELDMAN, PC<br>1050 THOMAS JEFFERSON STREET, NW<br>WASHINGTON, DC  20007-3877 | 01/30/2012<br>03/01/2012 | $6,375.23<br>$2,935.90 |
| | | **$9,311.13** |
| WILMERHALE<br>PO BOX 7247-8760<br>PHILADELPHIA, PA  19170-8760 | 04/17/2012 | $373,586.41 |
| | | **$373,586.41** |
| YOUNG CONAWAY STARGATT & TAYLOR<br>RODNEY SQUARE<br>1000 NORTH KING STREET<br>WILMINGTON, DE  19801 | 02/01/2012<br>03/02/2012<br>03/26/2012<br>04/12/2012<br>04/16/2012<br>04/20/2012 | $150,000.00<br>$180,969.70<br>$146,033.25<br>$175,760.72<br>$50,000.00<br>$50,000.00 |
| | | **$752,763.67** |

**Grand Total:  30**                                           **$7,631,903.34**

## Statement of Financial Affairs - Exhibit 3c

### Bicent Power LLC   12-11307

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|------|------------------------|--------------|--------|-------------|
| BEOWULF ENERGY LLC | MANAGEMENT COMPANY | 01/03/2012 | $1,000,000.00 | MANAGEMENT FEE |
| | | 01/30/2012 | $500,000.00 | MANAGEMENT FEE |
| | | 04/12/2012 | $1,250,000.00 | MANAGEMENT FEE |
| | | | **$2,750,000.00** | |
| NATURAL GAS PARTNERS | SHAREHOLDER | 06/08/2011 | $5,000.00 | DIRECTOR FEES |
| | | 08/11/2011 | $5,000.00 | DIRECTOR FEES |
| | | 11/30/2011 | $5,000.00 | DIRECTOR FEES |
| | | | **$15,000.00** | |

**Grand Total:  2**  $2,765,000.00